GEORGE W. HAYWOOD, APPELLANT, v. WILLIAM MAR-
SHALL, APPELLEE.

FILED DECEMBER 22, 1897.   No. 7682.

Aliens: COUNCILMEN OF CITY: QUALIFICATIONS: ELECTIONS: CONTEST.
In cities of the second class of less than 5,000 inhabitants it is re-
quired that a councilman shall be an elector of this state. *Held*,
That while a mere declaration of intention· to become a citizen·
conformably with the naturalization laws of the United States
may, under the constitution of Nebraska, constitute a resident
alien an elector, provided other required conditions exist, yet that,
by implication, this status cannot be extended to the son of such
alien merely because the declaration above referred to was made
before such son had attained his majority.

APPEAL from the district court of Cass county. Heard
below before CHAPMAN, J.  *Reversed.*

*J. H. Haldeman,* for appellant.

*A. M. Russell, contra.*

RYAN, C.

On April 24, 1894, George W. Haywood filed in the
county court of Cass county a petition in which he
alleged that he was an elector and resident of Weeping
Water, a city of the second class having less than 5,000
inhabitants, situated in said county; that this action
was brought on behalf of said Haywood and the other
qualified electors of said city; that on April 3, 1894, a
municipal election had been held in said city at which
William Marshall, the defendant, John Donelan, and
J. H. Haldeman had been candidates against each other
for the office of councilman for the second ward of said
city; and that the result of said election was that said
Marshall had received 43 votes, Donelan had received 27
votes, and Haldeman had received 24 votes, and accord-
ingly a certificate of election had been issued to said
Marshall. These averments were admitted by the an-

swer, but in said answer there was a denial of the following allegations of the petition: "5. Plaintiff further alleges that the defendant was before, and on said election day was, and since then has been, a foreigner, a subject of Great Britain, and not a citizen of the United States, and he is ineligible to hold the office of councilman of the second ward in said city." Following the above and other averments, which need not be described because no effort was made to establish them by proof, there was a prayer for the issuance of a writ of ouster against the defendant; that his election might be declared void, and for other proper relief and costs. There was a judgment for the defendant on a trial in the county court, and upon appeal in the district court there was a like judgment which is presented for consideration in this court. The pleadings in the district court were like those already described as having been filed in the county court. The trial in the district court began with the following stipulation, to-wit: "It is admitted that William Marshall, the contestee, is the son of John Marshall; that John Marshall came to this country from Great Britain in the year 1872, and that the contestee at that time was an infant minor of the age of nine years; that the father, John Marshall, declared his intentions to become a citizen of the United States October 17, 1875, and has since that time resided in Cass county, state of Nebraska, exercising the rights of an elector in Cass county, and state of Nebraska, where he has resided all of said time; that they have never been elected or held any office in the state of Nebraska except William Marshall the office of councilman for which he is now contesting; and that he was elected as a councilman from the second ward of the city of Weeping Water, Cass county, Nebraska, in April, 1894, and that, as such councilman, he took the oath of office and entered into the duties of such office. It is admitted further that the contestee, William Marshall, has never declared his intention to become a citizen of the United States, he having relied upon the

fact that he was a minor when he came to this country."
There was other evidence, but it was not of a nature
which would present a question other than that indi-
cated by the above stipulation.

In a simpler form than already made use of, this ques-
tion may be said to depend upon the facts that John Mar-
shall, a citizen of Great Britain, in 1872, brought with
him to this country his son, the contestee, who was then
but nine years of age. In 1875 the father declared his
intention to become a citizen of the United States, and,
although he has ever since resided in this state and ex-
ercised the rights of an elector, he has never taken any
further step with reference to becoming such a citizen.
The son, William Marshall, has, since becoming of age,
exercised the rights of an elector, but whether rightfully
or not depends upon the correctness of the assumption on
which he acted. This assumption involves the sole ques-
tion presented, and that is, whether or not the mere
declaration of the father, during the minority of his son,
of an intention to become a citizen of the United States
constituted such son an elector when he attained his
majority. By section 3, article 1, chapter 14, Compiled
Statutes, it is required that a councilman in a city of the
class in which Weeping Water is embraced shall be an
elector. Section 1, article 7, of the constitution of this
state is in this language: "Every male person of
the age of twenty-one years or upwards belonging to
either of the following classes, who shall have resided
in the state six months, and in the county, precinct, or
ward for the term provided by law, shall be an elector:
First, citizens of the United States; second, persons of
foreign birth who shall have declared their intention to
become citizens conformably to the laws of the United
States on the subject of naturalization, at least thirty
days prior to an election." John Marshall never became
a citizen of the United States; hence the status of his son,
dependent upon the alien father becoming a citizen
under the federal naturalization law, is a matter of no

importance.   Upon the taking of the first step toward becoming a citizen, an alien is declared by our constitution to be an elector, and, as such elector, under the laws of this state, he may enter upon the discharge of the duties of councilman of a city of the class in which Weeping Water is included, if elected to such office.   If John Marshall had been elected, he could have served as councilman, because he had declared his intention to become a citizen of the United States, but without more, this declaration is not effective to constitute his son such an elector, for there exists neither a constitutional nor a statutory provision to that effect.   The judgment of the district court, therefore, must be, and accordingly it is, reversed and the cause is remanded for further proceedings not inconsistent with the views above expressed.

REVERSED AND REMANDED.